## H. W. Monroe *et al. v.* The State.

Stock Law. — In October, 1874, appellants, being butchers, were indicted and convicted of a misdemeanor for having failed to report to the County or Police Court the color, age, marks, and brands of animals slaughtered and sold by them — the indictment being apparently based upon the act of November 13, 1866, "to regulate the sale," etc., "of animals," and upon article 2414, *et seq.*, Paschal's Digest. *Held,* that these enactments were repealed or superseded by the acts of May 22, 1871, and March 23, 1874, "to encourage stock-raising," etc. — which have also been repealed by the act of August 23, 1876.

Appeal from the District Court of Gonzales. Tried below before the Hon. J. P. White.

The brief of the appellants gives a full statement of the case and a concise review of the various enactments involved.

*Miller & Sayers*, for the appellants. On October 14, 1874, the grand jury of Gonzales County returned into the District Court of said county an indictment charging that Hugh W. Monroe, Barry G. Anderson, and James Monroe, on August 10, 1874, were engaged together in the slaughter and sale of animals for market, and on said day and on divers other days immediately thereafter did sell many animals of the species of neat cattle, and did then and there fail to make to the County Court of said county, at the regular meeting of said County Court on the last Monday in September, a report under oath, etc.,    *    *    *    and that said County Court was then and there the Police Court of said county.

The district attorney dismissed as to James Monroe. The other defendants plead guilty to the offense charged in the indictment, waived a jury, and were fined each $50. They then moved the court to arrest the judgment against them because the indictment did not charge any offense against the laws of the state.

This motion was overruled by the court, and defendants in open court gave notice of appeal.

The indictment seems to have been drawn under the act of March 4, 1863 (Pasc. Dig., arts. 2414, 2418), which required butchers to make a return, to the County Court of each county, of all the animals slaughtered by them, to *the clerk of the County Court* — not to the County Court. This act was repealed by the act of November 13, 1866. See sec. 5 of said act; *Epsey* v. *The State*, 32 Texas, 377.

The act of November 13, 1866, section 3, provides that any person or persons engaged in the slaughter and sale of animals for market shall make regular reports to the Police Court at each regular meeting of the court.

The indictment does not allege that there was a regular meeting of the County Court on the last Monday in September, and is, therefore, defective. It is true that the law provides for a regular meeting of that court at that time, but it does not necessarily follow that the court did meet; on the contrary, as a general rule, it is safe to say that the court fails to meet at the time provided by law at least half the time.

The Police Court, as it existed under the Constitution and laws of 1866, was composed of one chief justice and four county commissioners. Const. 1866, art. 4, sec. 17. The County Court, as organized under our present Constitution and laws, is composed of five justices of the peace, and is not the same court, either in name or component parts, as that contemplated by the act of November 13, 1866.

But the act of November 13, 1866, was in its turn repealed by the act of May 22, 1871, which devolved the duty of making returns of the lists provided for in the act of 1866 upon the inspector of hides and animals (an officer created by that act), and relieved butchers of that duty. See Act 1871, secs. 4, 5.

It is claimed, however, for the act of 1871 that it did not repeal the criminal part of the act of 1866, by reason of the exception in the repealing clause. It seems to us, however,

that this exception cannot be construed to refer to any part of the act of November 13, 1866, because it will be seen, by reference to that act, that all that part of the act which provides for a criminal prosecution simply refers to the acts required to be done by other sections, and, if they are repealed, the criminal sections are meaningless, and, if the sections providing for a criminal prosecution are effective, then no part of the act is repealed.

But a new stock law was enacted on March 23, 1874. This act (secs. 6–10) requires the inspector of animals to inspect all animals sold for the purpose of driving or being butchered, and to certify (sec. 12) to the bill of sale, and requires the bill of sale to be recorded in the office of the district clerk; and the penalties for failure to comply with this act are the forfeiture of the animal or hides. This act expressly repeals all other acts in conflict with its provisions, without any reservation. It seems to have been the intention of the Legislature to embody in this act all the requirements of the law in reference to stock. This offense is charged, in the indictment, to have been committed after the passage of the act of 1874, and that, if defendants have not violated the act of March 23, 1874, they have not violated any criminal law.

Butchers have not been required, by any of the stock laws since 1866, to make returns of lists to the County Courts. The Legislature, in providing for an inspector of hides and animals, have relieved butchers from making this return, and have required new and different duties from them in order to accomplish the same ends. They are now taxed with costs of inspection and of making and recording bills of sale, and it seems to us both useless and oppressive to require more.

We submit, further, that the act of November 13, 1866, was passed in violation of that clause of the Constitution

which requires every law to embrace one object, and that object to be expressed in the title. Const., art. 7, sec. 24.

The objects of this act, as expressed in its title, are, first, to regulate the sale, alienation, and transfer of animals; second, to require butchers to report to the Police Court all animals slaughtered by them; third, for other purposes. We believe the word "expressed," as used in the Constitution, means that the object of the act shall be stated, not inferred or guessed at, and if it expresses two objects it is in contravention of the Constitution.

*N. G. Kittrell*, of counsel for the State.

WINKLER, J. The only question presented by the record in this case is this: Does the indictment charge any offense against the law in force at the time this offense is charged to have been committed, and at the time the appellants were convicted?

We are of opinion this question must be answered in the negative. All the laws which required the character of report mentioned in the indictment had, we think, been either expressly repealed or entirely superseded by legislation had subsequently thereto; and the whole policy of the law was changed by the introduction of the plan of appointing inspectors, covering the whole subject. See the acts of 1871 and 1874 on the subject; and which have also been since repealed.

We are of opinion the motion in arrest of judgment should have been sustained. The judgment rendered herein is reversed and this prosecution is dismissed.[1]

*Reversed and dismissed.*

[1] Judge WHITE does not sit in this case.